## LAMMOTT vs GIST.—June, 1828.

A parol agreement between a landlord and his tenant, that the latter should surrender the residue of his term in the premises leased, to a purchaser, in consideration of which, the landlord agreed to give up the rent in arrear, is void as being within the statute of frauds, and inadmissible in evidence on an issue joined in an action of replevin between such tenant and the bailiff of the landlord, in which the arrears of rent were claimed.

APPEAL from *Baltimore* County Court. The appellee, (the plaintiff in the court below,) brought an action of replevin against the appellant, (the defendant in that court,) to replevy a negro boy named *Isaac*, and sundry other personal property, which were replevied and delivered to the plaintiff The defendant being summoned appeared, and by his avowry stated, 1. That, as the bailiff of *Henry Shade*, he acknowledged the taking the said goods, &c. because the plaintiff for one year, &c. held and enjoyed the premises as tenant to the said *Shade*, by virtue of a demise thereof, at and under the yearly rent of $50, payable, &c. and because $50 of the said rent, due and payable by the plaintiff to *Shade* for one year, &c. ending, &c. was in arrear, &c. the defendant, as the bailiff of *Shade*, well acknowledged the taking the said goods, &c. 2. There was a similar avowry by the defendant, as bailiff of *Jehu Hughes*. The plaintiff pleaded to the avowries, 1. That neither of the said sums of money, of the said rents, at, &c. was in arrear to the said *Shade* and *Hughes*, or to either of them, &c. Issue tendered and joined. 2. That before the issuing the original writ, to wit, on the 3d of October 1823, it was agreed between the plaintiff and defendant, that the plaintiff should deliver up the possession of the farm upon which he resided, and relinquish the residue of his term; that the same should be received in full satisfaction of all rent then in arrear, or thereafter to become due. Which said farm was then and there delivered to the defendant, and he put in possession thereof, and the residue of the plaintiff's term therein relinquished in full satisfaction and discharge of the rent, &c. and which said possession and relinquishment, the defendant then and there accepted and received of and from the plaintiff, in full satisfaction, &c. Issue tendered and joined.

1. The defendant, at the trial, proved that the rent claimed was due on the 1st of March 1823. The plaintiff then offered to prove by parol, that in September 1823, *Shade*, the landlord, agreed to sell and deliver possession of the property leased, to *Jehu Hughes*, and requested the plaintiff to give up the possession to *Hughes*, who agreed to deliver up the same in October, provided *Shade* would give up the rent in arrear, to which *Shade* assented. That the plaintiff remaining in possession of the said property on the 29th of September, the defendant, as bailiff of *Shade*, levied the distress for rent due on the 1st of March 1823; and that afterwards, in the month of October, the plaintiff left the property demised, and delivered possession thereof to *Hughes*. To which testimony the avowant objected; but the Court, [*Archer*, Ch. J. and *Hanson*, A J.] overruled the objection, and allowed the same to go to the jury. The avowant excepted.

2. The avowant then prayed the court to instruct the jury, that he was entitled to recover. Which instruction the court refused to give . The avowant excepted. *Verdict* upon the first issue—"that the said sums of money of the rents aforesaid, at the same time, when, &c. were not, nor was either of them, in arrear and unpaid to the said *Shade* and *Hughes*, or to either of them, nor was any part thereof," &c. *Verdict* on the second issue—"that before the impetration to the writ original, the plaintiff had delivered to the defendant, and the defendant had then and there accepted of and from the plaintiff, the said farm, and the residue of the plaintiff's term therein, in full satisfaction and discharge of the rent so in arrear, or to become due," &c. Damages assessed to one cent. Judgment entered for the plaintiff, that he hold the goods, &c. and also for the damages laid in the declaration, and costs; to be released on payment of one cent, and costs. From this judgment the defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, and DORSEY, J.

*Kennedy*, for the Appellant, contended, 1. That the second plea of the plaintiff below is defective in this, that it does not

aver that the avowant had authority to make the agreement which is there pleaded, in satisfaction of the rent due on the premises demised.

2. That the court below erred in permitting the evidence, as stated in the *first* bill of exceptions, to go to the jury—1st. Because the said evidence does not sustain or agree with the averments in the plaintiff's plea. 2d. Because the said evidence, as there stated, does not prove that the rent was extinguished at the time of the distress therein mentioned.

3. That the agreement as set forth in the *first* bill of exceptions, did not amount to a satisfaction of the rent, or take away the right to distrain for the same.

4. That the agreement set forth in the *first* bill of exceptions, was one relating to lands, within the statute of frauds, and ought not to be proved by parol evidence alone.

5. That there is error in the verdict, inasmuch as it finds that "the plaintiff had delivered to the defendant, and the defendant had accepted of and from the plaintiff, the said farm, and the residue of the plaintiff's term therein, in full satisfaction," &c. which fact was not put in issue by the pleadings in the cause; and that the said verdict is also immaterial, inasmuch as it does not find that satisfaction for the rent was made to the lessor of the land.

On the *first point*, he cited *Bradley on Distresses*, 217. *Bird, Savage & others, v Caritat*, 2 *Johns. Rep.* 342. 2 *Chitty's Plead.* 508, *(note c.)* 1 *Chitty's Plead.* 227. 6 *Com. Dig.* tit. *Pleader*, (C.) 2 *Stark. Evid.* 60. *Rawlinson v Shaw*, 3 *T. R.* 557. *Doe v Wandlass*, 7 *T. R.* 113.

On the *second point*, he cited *Abitbol v Bristow*, 6 *Taunt.* 464, *(1 Serg. & Lowb* 454.) 3 *Serg. & Rawle*, 564. *Philips v Rose*, 8 *Johns. Rep.* 392.

On the *third point*, he cited *Chipman v Martin*, 13 *Johns. Rep.* 240. *Drake v Mitchell*, 3 *East*, 251. 1 *Com. Dig. (new ed.)* tit. *Accord*, 201.

*Meredith*, on the same side, cited 2 *Stark. Evid.* 589. *Botting v Martin*, 1 *Campb.* 317. *Thomson v Wilson*, 2 *Stark. Rep.* 379, *(3 Serg. & Lowb.* 391.) *Mollet v Brayne*, 2 *Campb.* 103.

No Counsel argued for the Appellee.

MARTIN, J. delivered the opinion of the Court. We think *Baltimore* county court erred in receiving parol evidence for the purpose it was offered, as stated in the *first* bill of exceptions. *Gist* held the property leased, under *Shade*, and that tenancy could not be determined by a parol license to quit the premises. The agreement was, that the lease should be surrendered, and the rent discharged, and is embraced within the statute of frauds, which provides, that no lease or term of years, or any uncertain interest, of or in any messuages, lands, tenements or hereditaments, shall be surrendered, unless by deed, or note in writing, or by act or operation of law. The release of the rent, and the surrender of the property, form one agreement—they cannot be separated; and to make the agreement available, it ought to have been in writing. *Botting v Martin*, 1 *Campb.* 317. *Mollet v Brayne*, 2 *Campb.* 103. *Thomson v Wilson*, 3 *Serg. & Lowb.* 391.

In the *second* bill of exceptions, there was a prayer by the avowant, that the court would instruct the jury, he was entitled to recover. If the parol evidence received by the court, as stated in the *first* bill of exceptions, had been legal, this prayer might have been important, and then it would have been proper to consider the objections relied on in the argument, one of which was, a variance between the agreement offered in evidence, and that set out in the pleadings. But as this court has decided, the parol evidence of the agreement, stated in the *first* bill of exceptions, ought not to have been received by the court, that evidence must be rejected; and being rejected, the cause stood only on the pleadings and the evidence offered by the avowant. The pleadings do not controvert that *Lammott* was the bailiff of *Shade*, and it was proved by testimony the rent was due.

We dissent from the opinions expressed by *Baltimore* county court, as stated in both bills of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.